**BLEDSOE v. JOHNSTON, Warden.**

**No. 23722–S.**

District Court, N. D. California, S. D.

Nov. 28, 1944.

Morris M. Grupp, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner seeks his release from Alcatraz Penitentiary upon a writ of habeas corpus, contending that he has been unlawfully restrained of his liberty since September 15, 1944, by virtue of the fact that he has fully and completely served and discharged the sentences imposed upon him.

Petitioner pleaded guilty and was sentenced on December 11, 1939, by the United States District Court for the Eastern District, Paris Division, State of Texas, for two violations of Title 18 U.S.C.A. § 315 (burglary of building used as postoffice with intent to commit larceny).

The docket entry reads as follows:

"Defendant Billy Bernard Bledsoe enters a plea of Guilty (at Paris, Texas) to the charge and being asked by the Court if he desired counsel, replied that he did not, and sentenced to serve the period of five (5) years in the United States Penitentiary at Leavenworth, Kansas, said sentence to run concurrently with sentence of five (5) years this day imposed in Cause No. 1335 of the Jefferson Division."

The two commitments (Nos. 1166 and 1335) under which he was to serve his sentence read as follows:

No. 1166: "Five (5) years, said sentence to run consecutive with sentence of Five (5) years this day imposed in cause No. 1335, of the Jefferson Division."

No. 1335: "Five (5) years, said sentence to run consecutive with sentence of Five (5) years this day imposed in cause No. 1166, of the Texarkana, Division."

Petitioner alleges in his petition that respondent has "erroneously and unlawfully concluded that the sentences, judgments and commitments in the two actions above referred to were to run consecutively and not concurrently, whereas in truth and in fact said sentences, under the existing law, have run concurrently, and both of said sentences have been served in full by this petitioner * * *." He contends that

since each of the sentences are identical they are concurrent because it cannot be determined when each sentence is to begin, the order in which they are to be served or when each is to terminate. It is further contended that even if the trial court was called upon to amend its sentence it could not do so because the term of court has passed.

Respondent contends that this case is governed by the ruling in United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, and that it was the intention of the court to sentence the petitioner to a total of ten years, and moves to dismiss the petition.

After the petition for the writ of habeas corpus was filed, counsel for petitioner and counsel for the respondent stipulated that the docket entry quoted above is not true and correct and does not truly and clearly reflect the judgment and sentence made by the judge of the trial court in said cause on said day; that the judgments and commitments correctly state the judgment and sentence made by the judge of the trial court in said cause.

 Counsel have no power to stipulate in this Court that the record of another court in erroneous. It appears from the docket entry of the Texas Court that the two terms were to run concurrently. Until the record of that court is changed by a direct proceeding in that court this Court must accept it as true and correct. Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283. Further, the language of the docket entry may be important in determining the intention of the trial judge.

Petitioner relies strongly upon the case of United States v. Patterson, C.C.N.J. 29 F. 775, 776, in which the defendant pleaded guilty to three indictments and was sentenced to serve five years upon each indictment, "said terms not to run concurrently." The Circuit Court held that the defendant was entitled to be discharged upon his petition for a writ of habeas corpus after serving five years, because there was an ambiguity that could not be corrected due to the fact that the term of court had expired. It further held that where there was an ambiguity or uncertainty in the sentence of a defendant, that ambiguity or uncertainty should be resolved in favor of the defendant.

In United States v. Daugherty, supra, relied on by respondent, the prisoner pleaded guilty to an indictment containing three counts and was sentenced to five years on each of the three counts, "said term of imprisonment to run consecutively and not concurrently." The Supreme Court distinguished the facts of the Patterson case from those before it, holding that that case was not applicable because it was concerned with a number of indictments, whereas the Daugherty case was concerned with a number of counts in one indictment. However, the Daugherty case relaxed the strict rule set forth in the Patterson case that every doubt or ambiguity must be resolved in favor of the defendant, and laid down the "test of reasonableness", saying (269 U.S. page 363, 46 S.Ct. 157, 70 L.Ed. 309) : "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard, the judgment here questioned was sufficient to impose total imprisonment for 15 years * * * to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently,' are not consistent with a 5-year sentence."

 The test as to the intent of the court appears to be one of reasonableness as implied from the whole entry. United States v. Daugherty, supra; Subas v. Hudspeth, 10 Cir., 122 F.2d 85; McNealy v. Johnston, 9 Cir., 100 F.2d 280. But, if by applying the test of reasonableness it still cannot be determined what the intent of the court was, the matter must be sent back for correction, even after the term of court has expired. Hill v. United States ex rel. Wampler, supra; In re Wight, 134 U.S. 136, 10 S.Ct. 487, 33 L.Ed. 865; Downey v. U. S., 67 App.D.C. 192, 91 F.2d 223; Rupinski v. United States, 6 Cir., 4 F.2d 17; Buie v. King, D.C., 50 F.Supp. 952.

 The sentences here are ambiguous and should be corrected to show whether they are to run concurrently or consecutively. The language of the commitments in each case reads "consecutive with" the sentence imposed this day. A sentence is not "consecutive with", it is "consecutive to" another sentence. Consecutive means successive, following in a regular train;

succeeding one another in regular order. Webster's New International Dictionary. The preposition "with" is correctly used in the phrase "concurrent with," which is the way that it is used in the docket entry. Furthermore, it cannot be determined in this case which sentence is to follow which.

Since, by the test of reasonableness, it cannot be determined what the intent of the trial court was, I am constrained to hold that in conformity with the 'rule mentioned in Re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149, the discharge of the petitioner will be delayed and he will be remanded to the United States District Court for the Eastern District of Texas, Paris Division, for further action by that Court.

Respondent's motion to dismiss will be denied.