## BLEDSOE v. JOHNSTON, Warden.

### No. 24843–S.

District Court, N. D. California, S. D.

July 20, 1945.

Morris M. Grupp, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner seeks his release from Alcatraz Penitentiary upon a writ of habeas corpus, on the ground that he has been unlawfully restrained of his liberty since September 15, 1944, due to the fact that he has fully served and discharged the sentences and judgments imposed upon him by the District Court of the United States, Eastern District of Texas, Paris Division, in Actions Nos. 1335 and 1166. Respondent moves to dismiss the petition.

On November 28, 1944, this court ordered that petitioner be returned to the United States District Court for the Eastern District of Texas, where he was originally sentenced, for further proceedings, on the ground that there was a discrepancy between the minute order entered by the clerk, stating that the sentences should be concurrent, and the judgments and commitments signed by the judge, providing that each sentence should "run consecutive with" the other, and that this ambiguity made it impossible for this court to determine whether the sentences imposed upon petitioner were to run concurrently or consecutively, or if they were intended to run consecutively, which of the sentences was to run first. Bledsoe v. Johnston, D.C., 58 F.Supp. 129.

In conformity with the order of November 28, 1944, further proceedings were had in the Eastern District of Texas, at which petitioner was present. Judge Robert L. Williams, who had imposed the original sentences, testified that he had stated in open court at the time petitioner was sentenced, that the sentence in Action No. 1166 would begin after the sentence in Action No. 1335 was served; that he had marked the sentence in Action No. 1166 "cumulative" on his docket. He said: "And that's what I understand 'cumulative' to mean. It's in addition to something that goes before it." His testimony was supported by the docket sheets kept by him, which were introduced in evidence at the proceeding for correction of the record. The words "cumulative sentences" are defined as "separate sentences (each additional to the others) imposed upon a defendant who has been convicted upon an indictment containing several counts, each of such counts charging a distinct offense, or who is under conviction at the same time for several distinct offenses; one of such sentences being made to begin at the expiration of another." Black's Law Dictionary, 2nd Ed.

Petitioner announced in open court that he did not desire to offer any evidence.

■ It is clear that the true sentences pronounced at the time of petitioner's conviction were for consecutive terms of imprisonment, the term in Action No. 1166 to commence at the expiration of the term in Action No. 1335.

■ It is the contention of petitioner that the sentences as set forth in the minute order and the judgments and commitments were to run concurrently, and therefore there was nothing for the Texas District Court to correct. I think, and so held in Bledsoe v. Johnston, 58 F.Supp. 129, supra, that the record produced an ambiguity, and that it was proper that it be corrected to show the truth; that is, the actual sentences imposed orally in the presence of petitioner. Buie v. United States, 5 Cir., 127 F.2d 367; Downey v. United States, 67 App.D.C. 192, 91 F.2d 223.

■ Petitioner contends further that the trial court in Texas in its order correcting the record changed "the judgment which it had originally issued over its own signature by adding thereto a fine of $100.00 in each of the sentences." Petitioner was convicted for two violations of 18 U.S.C.A. § 315, which provides for a fine of not more than $1000 and imprisonment for not more than five years. The imposition of a fine is therefore mandatory. Judge Williams testified, and his testimony is supported by his docket entry and the court records kept in the office of the United States Attorney, that a fine of $100 was imposed upon petitioner in each action at the time sentence was originally pronounced. However, it is unnecessary for this court to determine whether or not the imposition of the fine constituted an invalid increase of the original sentence. "It is well settled that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the authorized portion of the sentence a nullity, but leaves open to attack on habeas corpus only such portion of the sentence as is excessive." McKee v. Johnston, 9 Cir., 109 F.2d 273, 276; McDonald v. Johnston, 9 Cir., 149 F.2d 768. Further, the order correcting the record expressly provides that the defendant shall not stand committed in default of payment of the fine; therefore the imposition thereof is not the subject of a habeas corpus proceeding.

The motion to dismiss the petition will be granted.