**BLEDSOE v. JOHNSTON, Warden.**

**No. 11163.**

Circuit Court of Appeals, Ninth Circuit.

March 20, 1946.

Writ of Certiorari Denied June 10, 1946.

See 66 S.Ct. 1367.

Morris M. Grupp, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order dismissing appellant's petition for release from the custody of appellee. Bledsoe has been imprisoned over six years and three months since December 11, 1939, on two sentences, hereafter considered, of the United States District Court for the Eastern District of Texas.

In case No. 1166 Bledsoe was indicted for breaking into and entering a United States Post Office Building in Harleton, Texas, on October 27, 1939, and in case No. 1335 for a similar offense committed on October 29, 1939, in Simms, Texas. Bledsoe pleaded guilty to each indictment.

The district court adjudged a five year sentence in each case. The appellant does not contend that either or both sentences are invalid or that the years spent by Bledsoe in the penitentiary are without warrant.

■ The controversy here is whether the sentences were to be served concurrently or consecutively. Each sentence signed by the district judge read that it is "to run consecutive *with*" the other. Obviously here is no effective judgment for consecutive sentences.

In the absence of a judgment for consecutive sentences on separate indictments, 18 U.S.C.A. § 709a provides that each sentence "shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

If nothing else were before the court both sentences were served on December 11, 1944, that is five years after the imprisonment began in the jail awaiting transportation to the penitentiary. Puccinelli v. United States, 9 Cir., 5 F.2d 6, 7; United States v. Patterson, C. C., 29 F. 775, 779. However, here Bledsoe was returned to the District Court for the Eastern District of Texas and a hearing was had for correction of the judgments before the same judge who signed the sentences on December 11, 1939. Evidence was there introduced of the docket sheets kept by both the clerk and the judge at the time the sentences were pronounced. They were all made on December 11, 1939, and show a sentence of five years in case No. 1335, and of five years cumulative in case No. 1166. Upon this docket sheet evidence the judgment in No. 1335 was amended to read for a sentence of five years, and the judgment in No. 1166 for five years to run "consecutive to the sentence for five years in criminal No. 1335."

■ Bledsoe contends that the Texas district court has no such power and cites our opinion in Puccinelli v. United States and United States v. Patterson, supra. In each of these cases the correction depended upon the mere recollection of the judge and such amendments of the sentences were held invalid. However, in both cases it is stated that the sentencing court has the power so to correct the judgments after the term of the longest sentence has been served if the correction be based upon entries on the rough docket of the court.

■ In the Puccinelli case, 5 F.2d at page 7, we said:

" 'According to the generally accepted rule, the evidence to justify the entry of a judgment nunc pro tunc must be record evidence, that is, some entry, note, or memorandum from the records or quasi records of the court, which shows in itself, without the aid of parol evidence, that the alleged judgment was rendered.' 34 C. J. 79.

"This rule is supported by the overwhelming weight of authority. * * *."

In the Puccinelli case, 5 F.2d at pages 7 and 8, we repeat Mr. Justice Bradley's statement in United States v. Patterson, 29 F. at page 779:

"I have carefully read the able opinion of the Supreme Court of New Jersey in the case of Gibbs v. State, 45 N.J.L. 379, 46 Am.Rep. 782, and agree to all that the court there says as to the right of a criminal court to extend its judgment and proceedings on the record in proper form, regardless of imperfections in the minutes of its clerk. But *in the present case there are no materials in existence for altering the form of the judgment under consideration*—at least nothing but what may rest in the bosom of the judge; and for him to resort to his memory at this date to alter the judgment would be to render a new judgment. It is unnecessary to say that the honorable judge of the district court would not adopt a proceeding so questionable and hazardous. The district attorney has supplied me with a certified copy, *literatim, with all the erasures and interlineations of the rough minutes; but they exhibit nothing upon which the court could base any substantial alteration in the judgment as recorded."* (Emphasis supplied.)

■ With the presence of such documentary evidence before the amending court it is not necessary to consider Bledsoe's contention that Buie v. United States, 5 Cir., 127 F.2d 367, and Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, are in error because, he contends, they state that judgments may be corrected on the judge's memory. These cases are not applicable here. We consider the district court's decision below as properly based upon the law as stated in the Puccinelli and Patterson cases.

In a habeas corpus proceeding there is no merit in Bledsoe's contention that a fine not requiring detention for non-payment makes the amended sentences of imprisonment invalid. If without jurisdiction to impose the fine, the court's sentences of imprisonment are valid and have not been served.

The order appealed from is affirmed.

Affirmed.