**ONG v. HUNTER, Warden.**

No. 4430.

United States Court of Appeals
Tenth Circuit.

April 16, 1952.

Rehearing Denied May 12, 1952.

1. The judgment in this case also imposed sentences on other counts which are, however, not material to this appeal.

Leo W. Kennedy, Denver, Colo., for appellant.

Lester Luther, U. S. Atty., and V. J. Bowersock, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PER CURIAM.

So far as material appellant, Zeddie Ong, was sentenced on December 17, 1936, by the United States District Court of West Virginia to serve a sentence of five years on each of counts one, two and three of an indictment, the sentences being made to run consecutively to each other. Thereafter on August 11, 1939, he was sentenced in the United States District Court for the District of Kansas on count one of an indictment to serve a sentence of three years.[1] The language of the sentence in question read as follows: "Said sentence to begin at the expiration of the *sentence*[2] the defendant is now serving in the United States Penitentiary and run consecutively thereto." The prison authorities construed the sentence to mean that it was to begin at the conclusion of the fifteen year sentence imposed by the West Virginia Court and accordingly charged appellant with a total servitude of eighteen years.

2. Emphasis supplied.

Appellant in his application for a writ of habeas corpus takes the position that the three year Kansas sentence ran concurrently with the West Virginia five year sentence on count two and that the total sentence chargeable to him should therefore be only fifteen years. He chooses to treat the sentence of the West Virginia Court as three separate sentences of five years each and from that argues that since he was serving the sentence imposed on count one at the time that he was sentenced by the Kansas Court, the Kansas Court by the use of the singular of the word "sentence," in imposing its three years consecutive sentence on count one, must have intended that sentence to begin when he had completed his sentence on count one of the West Virginia sentence. Such construction would cause the Kansas sentence to run concurrently with the sentence imposed on count two by the West Virginia Court and would make, as contended by him, the total amount of his servitude fifteen years.

▆▆▆ With such a construction we cannot agree. We think it is clear that the Kansas Court intended appellant to serve three years additional time in addition to the time he was serving under sentence from the West Virginia Court. We do not think the Kansas Court had in mind such refinement of reasoning as appellant argues for. It is, of course, essential that criminal sentences be reasonably certain, definite and free from ambiguity. Smith v. United States, 10 Cir., 177 F.2d 434. But the elimination of every conceivable doubt is not requisite to their validity or enforcement. Ziebart v. Hunter, 10 Cir., 177 F.2d 847. It is not required that every possibility which may be conjured up by an active mind be eliminated. We find no uncertainty in the meaning of the sentence in question and agree with the trial court that the sentencing court intended the three year sentence to be served in addition to the fifteen years, which appellant was required to serve under the West Virginia Court sentence.

Affirmed.