### BUTTERFIELD v. WILKINSON.
### No. 14035.

United States Court of Appeals,
Ninth Circuit.
July 23, 1954.

Alexis J. Perillat, Appel, Lieberman & Leonard, San Francisco, Cal., Dwight Richard Butterfield, Steilacoom, Wash., in pro per.

Charles P. Moriarty, U. S. Atty., Guy A. B. Dovell, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MATHEWS, HEALY and LEMMON, Circuit Judges.

HEALY, Circuit Judge.

Appellant is an inmate of the United States penitentiary at McNeil Island. On January 8, 1953, he filed in the court below his petition for the writ of habeas corpus asserting that he had served in full the sentences pursuant to which he had been committed, that the Warden of the penitentiary had misinterpreted the sentences as requiring his continued imprisonment, and that therefore he was entitled to be discharged from custody. In his petition he made no attack upon the validity of the several sentences.

The court was of opinion that appellant's remedy was not by habeas corpus, but by application to the sentencing courts for correction of his sentences under the provisions of 28 U.S.C.A. § 2255, and on that ground discharged the writ. The appeal is from this order. We think the court was right in discharging the writ but wrong in respect of the ground given for its action.

The background situation disclosed by the record is this. On September 26, 1949, in Cause No. 15,107 on the criminal docket, appellant pleaded guilty in the United States District Court for New Mexico to a charge of violation of the Dyer Act, 18 U.S.C.A. § 2311 et seq. On that day and in that case sentence in the following language was pronounced upon him: "It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of three (3) years." On the same day and in the same court, in Cause No. 15,109 appellant pleaded guilty to a charge of attempted escape, 18 U.S.C.A. § 751, and the following sentence was pronounced: "It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of two (2) years, said prison sentence imposed to begin and run consecutively with the prison sentence of three (3) years this day imposed against said defendant in Cause No. 15107 on the criminal docket of this court."[1]

Appellant subsequently received a third sentence which figures in the arguments of counsel but the effect of which we need not now consider. Thirty days after having been sentenced in New Mexico he was brought before the federal court for the Northern District of Texas on a charge of escaping from custody while en route to a federal reformatory in Oklahoma to serve his New Mexico sentences. He pleaded guilty to the charge and was sentenced thus: "It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of two years, said sentence to be cumulative with sentence in other cases."

The government's brief undertakes only to support the view of the trial judge, namely, that habeas corpus is not the remedy to which resort should have been had. But as already pointed out, appellant's attack is not upon the validity of the sentences but upon the allegedly erroneous construction placed upon them by the Warden. His claim is that the several sentences were in le-

[1.] It appears from a document later to be referred to that in both the above causes appellant was jointly charged with one Early, and that Early too pleaded guilty and was sentenced in like manner and for the same terms as appellant.

gal contemplation concurrent, and that since as of the time of filing his petition the longest of them had been fully served his further detention was and is illegal. Such being the case attempted to be made we think it clear that habeas corpus was the appropriate remedy. Cf. Mills v. Hunter, 10 Cir., 204 F.2d 468; Brown v. Hunter, 10 Cir., 187 F.2d 543.

Where we are obliged to part company with appellant is that, in respect at least of his two New Mexico sentences, they were plainly intended to run consecutively. It will be recalled that the first was for a flat three-year term, no mention being made in it of any other sentence, hence it was to commence to run immediately upon confinement. The two-year sentence imposed thereafter and on the same day was by its terms to begin and run consecutively with the one previously pronounced. Thus the order of service was plainly spelled out. As respects the use of the phrase "consecutively with" rather than "consecutively to" it seems to us that for all practical purposes one manner of putting it is as clear as the other. We are admonished in United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, that while sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them, nevertheless a stricter standard than that is not to be demanded.

The argument on appellant's behalf rests largely on language found in the opinion of this court in Bledsoe v. Johnston, 9 Cir., 154 F.2d 458, 459.[2] There two sentences were involved. Each sentence signed by the judge read that it was " 'to run consecutive with' " the other. "Obviously," said the court, "here is no effective judgment for consecutive sentences." The remark, whatever its precise meaning, was unnecessary to the decision as a reading of the opinion shows. Prior to appeal therein the sentences had been corrected by reference to the docket sheets of the court which had tried Bledsoe. Upon this evidence one sentence had been corrected to read for a term of five years, the other to read a sentence of five years to run consecutive to the first pronounced. Thus indefiniteness as to the order of service had been eliminated.

In the case before us all doubt possible of arising even in the most meticulous of minds as to the meaning of the second of the New Mexico sentences has been set at rest by the industry of appellant's own counsel. Attached to his brief is a transcript of the oral pronouncement of the sentencing court in Cause No. 15,109 certified to by the official court reporter. This we are told was obtained by appellant from the reporter. It reads:

"The Court: It will be the judgment and sentence of the Court that you and each of you be imprisoned for the term of two years; that you be remanded to the custody of the Attorney General; and that appropriate orders and commitments issue. It is the further order and judgment that the sentence just now imposed shall not run concurrently as to the defendants Butterfield and Early just this morning pronounced, but they shall run consecutively." [See note 1 supra.]

The document quoted was not before the trial court, it apparently having been obtained thereafter. We incorporate it here as a matter of interest.

Appellant's second New Mexico sentence had not been served as of the time of filing the petition. He had just begun to serve it. In fact it appears that of the present time it has still some months to run. On the oral argument it was stated and not denied that all of appellant's good time allowances have been revoked for misconduct. Accordingly consideration of the Texas sentence is not only unnecessary but premature.

The order discharging the writ is affirmed.

---

2. Consult also opinions of District Judge St. Sure in that case, D.C., 58 F.Supp. 129 and D.C., 61 F.Supp. 707.