Robert E. LIPSCOMB, Appellant,

v.

Paul J. MADIGAN, Warden United States Penitentiary, Alcatraz, California, Appellee.

No. 14730.

United States Court of Appeals Ninth Circuit.

June 27, 1955.

Rehearing Denied July 29, 1955.

See also 221 F.2d 798.

Robert E. Lipscomb, in pro. per. for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal taken from an order of the United States District Court for the Northern District of California, Southern Division, denying Lipscomb's application for a writ of habeas corpus.

Appellant claims he has served the following judgment of imprisonment entered by the United States District Court for the Eastern District of Missouri:

"Five (5) years as to and under the charge as contained in Count One of Information herein: Five (5) years as to and under the charge as contained in each of Counts Two, Three, Four, and Five of the Information herein: Such terms to run consecutively and cumulatively, and not concurrently with each other as well as with the term of imprisonment of five years imposed upon defendant under said Count One of such Information, making an aggregate term of imprisonment imposed upon defendant under said Counts One, Two, Three, Four and Five of said Information of Twenty-Five Years." (Tr. 8)

Appellant has served one sentence and contends that the sentences run concurrently because of the use of the word "with" in the phrase "such terms to run consecutively and cumulatively and not concurrently *with* each other". He cites our opinion in Bledsoe v. Johnston, 9 Cir., 154 F.2d 458, 459 in which we stated:

"The controversy here is whether the sentences were to be served concurrently or consecutively. Each sentence signed by the district judge read that it is 'to run consecutive *with*' the other. Obviously here is no effective judgment for consecutive sentences."

The word "with" in the Bledsoe case is not used along with the phrase "and not concurrently". We think the intent to create successive sentences is adequately stated. The controlling principle is announced in United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, in which the same argument as here presented was rejected.

The judgment in that case read so far as pertinent:

"* * * said defendant be confined * * * for the term of five (5) years on each of said three counts, and until he shall have been discharged from said penitentiary by due course of law. Said term of imprisonment to run consecutively and not concurrently."

The court held:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard the judgment here questioned was sufficient to impose total imprisonment for fifteen years made up of three five-year terms, one under the first count, one under the second and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently' are not consistent with a five year sentence."

The judgment is affirmed.