**Louis FLEISH, Appellant,**

v.

**E. B. SWOPE, Warden, U. S. Penitentiary, Alcatraz, California, Appellee.**

**No. 14669.**

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1955.

See also 9 Cir., 221 F.2d 558.

Louis Fleish, Alcatraz, Cal., in pro. per.

A. J. Zirpoli, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying and finally dismissing on the merits the appellant's petition for a writ of habeas corpus. The petition alleged that appellant was held in unlawful restraint by the respondent Warden; that on April 7, 1939 he was found guilty on six counts of a twenty-seven count indictment, and that the court imposed terms of five years upon each of these six counts. He alleges that he has now served more than five years, and that under the terms of the judgment as imposed upon him that is the maximum period of time for which he could be held; that the portion of the judgment upon which he was sentenced reads as follows: "Count 1, Five (5) years; Count 3, Five (5) years; Count 12, Five (5) years; Count 15 Five (5) years; Count 18, Five (5) years; and under count 21, Five (5) years, said terms of imprisonment to run consecutively;" that such judgment was ineffective to require an imprisonment of more than a total of five years because it fails definitely to specify the order of sequence as to the execution of the several sentences; and that it fails to state with necessary definiteness the time when the several sentences shall commence.

Apparently appellant's argument is that if the judge who imposed the sentence required three seconds to pronounce or read each item of the quoted judgment then each sentence on Count 3 began three seconds after his sentence on Count 1, and that in like manner each term thereafter named began three seconds after the preceding one. The argument is that was the literal meaning and effect of the judgment rendered by the court and that terms of imprisonment so con-

strued would, as a matter of law, run "consecutively."

■■ The trial court, while expressing the view that appellant's remedy, if he had one, must be under § 2255 of Title 28, U.S.C.A., nevertheless held and determined that the petition for the writ showed upon its face that it was wholly without merit and accordingly the petition was dismissed on the merits. We think that the action of the trial court in thus disposing of the case was proper. Butterfield v. Wilkinson, 9 Cir., 215 F.2d 320. As for the sufficiency of the judgment to provide, as the court obviously intended, that the terms of five years should be served consecutively and to follow each other in sequence, this court's decision in Lipscomb v. Madigan, 9 Cir., 224 F.2d 410, is sufficient authority.

This case is not to be distinguished from that of United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 157, 70 L.Ed. 309, cited in the Lipscomb case, which held that the judgment in question "was sufficient to impose total imprisonment for 15 years, made up of three 5-year terms, one under the first count, one under the second, and one under the third, to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment."

As the judgment under attack in this case adequately provided for a total imprisonment of 30 years, it is apparent that the appellant's petition was without merit.

Judgment affirmed.