Winston Churchill **HENRY**, Appellant,

v.

**Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Appellee.**

No. 15353.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1957.

Winston Churchill Henry, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Henry appeals from a decision in a habeas corpus proceeding in which the District Court for the Northern District of California held that the appellee Warden was entitled to imprison Henry on a sentence rendered in May, 1951, by the District Court for the District of Hawaii for conspiracy to import narcotics, the sentence being first stated "to run consecutively with any sentences [plural] that are pending against you", later stated in the entered judgment as "a period of two years to run consecutively with any sentences [plural] now serving."

At the time of the above sentence Henry had begun to serve two prior sentences of four and two years "to run consecutively" imposed upon him by the same court on November 26, 1950, for narcotics violations. When the instant application for the writ was filed Henry had served the consecutive time of both the prior sentences, assuming the two first sentences are consecutive. The prior sentences also imposed fines which, as well as that in the instant case, have been paid.

■ It is apparent that the court had jurisdiction to determine the right to imprison Henry for these federal offenses in a habeas corpus proceeding and that the question was not one required to be determined in the court of conviction under 28 U.S.C. 2255. The latter section gives the court no power to do anything except to "vacate, set aside or correct the sentence." Here the applicant is not seeking to do any of these things but merely to have construed the effect of the instant sentence with reference to the two prior sentences. Therefore habeas corpus is the appropriate remedy. Butterfield v. Wilkinson, 9 Cir., 1954, 215 F. 2d 320, 321; Fleish v. Swope, 9 Cir.,

1955, 226 F.2d 310; Lipscomb v. Madigan, 9 Cir., 1955, 224 F.2d 410; Mills v. Hunter, 10 Cir., 1953, 204 F.2d 468, 470; Brown v. Hunter, 10 Cir., 1951, 187 F. 2d 543, 545.

■ Henry first contends that the phrase "to run consecutively" as used in the earlier two sentences is too indefinite to have any effect because there is no designation of which is to commence first. He relies on the Eighth Circuit's decision in Daugherty v. United States, 2 F.2d 691. The Supreme Court reversed this decision and held that where sentences are to be served consecutively without more, they are to be served consecutively in the same sequence as the counts on which the convictions are based appear in the indictment, United States v. Daugherty, 1926, 269 U.S. 360, 46 S. Ct. 156, 70 L.Ed. 309.

Henry next contends that the phrase "consecutive with" in the last decision is not the equivalent of the phrase "consecutive to" in general use. On this he relies on a dictum in Bledsoe v. Johnston, 9 Cir., 1946, 154 F.2d 458, 459. We are of the opinion that this court has correctly overruled our above dictum in stating the law in Butterfield v. Wilkinson, 9 Cir., 1954, 215 F.2d 320, at page 322, as follows:

"As respects the use of the phrase 'consecutively with' rather than 'consecutively to' it seems to us that for all practical purposes one manner of putting it is as clear as the other."

Henry next contends that the last sentence has already been served, because the court's statement as to its "term of two years" that "they will run consecutively with any sentences [plural] that are pending against you" restated as "a period of two years to run consecutively with any sentences [plural] now serving", made the last two years begin to run after the first four-year sentence and concurrently with the first two-year sentence.

We accept Henry's contention that the words "consecutively with any sentences that are pending against you" are, as he states, "the actual words of the court", and hold that the last sentence did not begin to run till after both of the two prior "pending" sentences had been served.

We would reach the same conclusion if construing the other statement of the court that the last two years are "to run consecutively with any sentences now serving". Sentences do not serve themselves and the phrase "sentences now serving" is meaningless unless it is construed as "sentences now pending".

While we think that the contention that the words "sentences now serving" should be expanded to read "sentences [plural] which the defendant is now serving" is unwarranted, the same result is reached. The Hawaiian court well knew that the two prior "sentences" were consecutive and hence again the plural word "sentences" would be meaningless unless it meant a service of all the pending sentences. We think that here "we are dealing with a *cumulative sentence* composed of a number of distinct sentences which * * * [were] to run consecutively" as was the Supreme Court in Affronti v. United States, 1955, 350 U.S. 79, 82, 76 S.Ct. 171, 173, 100 L.Ed. 62. The court in that case overruled our dictum in Kirk v. United States, 9 Cir., 185 F.2d 185, at page 187 that, "A prisoner serving the first of several consecutive sentences is not serving the other sentences." In none of the other cases cited to us is the later sentence made consecutive to other plural "sentences".

Even where the later sentence is to be consecutive to a "sentence [singular] the defendant is now serving" and he has not concluded the first of three consecutive five-year sentences, the Tenth Circuit holds that the language means that the later sentence is consecutive to the last of the three prior sentences. Ong v. Hunter, 10 Cir., 1952, 196 F.2d 256, 257.

The judgment is affirmed.