Leaman Russell SMITH, Appellant,

v.

F. T. WILKINSON, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 18104.

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1960.

Chester E. Wallace, Atlanta, Ga., for appellant.

Charles D. Read, Jr., U. S. Atty., E. Ralph Ivey, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

RIVES, Chief Judge.

This appeal is from a judgment denying a petition for habeas corpus. On September 27, 1951, the appellant was convicted in the United States District Court for the Middle District of Pennsylvania of three felonies charged in separate indictments. In case No. 12149, he was sentenced to five years' imprisonment. In case No. 11879, he was sentenced to two years' imprisonment to be served consecutively with the sentence imposed in No. 12149. In case No. 12148, he was sentenced to two years' imprisonment to be served consecutively with the sentence imposed in No. 11879, "and to commence at the expiration of or legal release from sentence imposed in No. 11879." On June 3, 1954, the appellant was convicted in the same District Court of still a fourth felony, and the legal

effect of his sentence, as it has now been corrected to read, was:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of four years, sentence to begin at the expiration of sentence you are presently serving."

The question for decision is whether or not the fourth sentence runs consecutively to the prior three sentences, or consecutively to the first sentence (in case No. 12149) and concurrently with the second and third sentences.

The statement of the District Court at the time of imposing sentence indicates that, with some consideration to the appellant's having pleaded guilty, the Court intended to impose a severe sentence on the appellant and his co-defendant Robertson.[1] That statement discloses no intent to treat the first three sentences separately and to make the fourth sentence run concurrently with the second and third. In addition, appellant's counsel, in his plea to the Court, had discussed the three successive sentences as a single whole.[2] What the Court intended, it is reasonably clear, was to treat the successive periods of imprisonment totaling a certain number of years as one cumulative sentence. That concept has been expressly approved by the Tenth Circuit in a case directly in point, Ong v. Hunter, 1952, 196 F.2d 256. The Supreme Court and other circuits have also recognized that, when the intent is clear, several consecutive sentences may be treated as one general cumulative sentence.[3]

1. In part as follows:
"The Court: It is a vicious looking tool. You are to be commended for what you did in submitting your bodies for experimental purposes and at least you, Robertson, apparently applied yourself, improved your education, but the net result is that you pretty near killed a man, and that sort of thing cannot be tolerated. For better or for worse you only stand before this Court charged with two offenses to which you have entered pleas of guilty: assault with a dangerous weapon with intent to do bodily harm and without just cause or excuse, and the penalty can be either a fine of not more than $1,000 and not more than five years, or both. That is the maximum I can give you under that count.
"The third count, the second one, to which you plead guilty, assault by striking, by fine of not more than $500 or not more than six months, or both.
"Mr. Kalp: If the Court please, may I say a word? I take the position that the second offense is the lessor offense, and is therefore included in the first.
"The Court: I think that is right. The maximum sentence is fine of $1,000 and imprisonment of five years, or both. There is no sense in the fine, of course. It does not call for punitive action over and above what you now have. I understand that Smith has forfeited 250 days of good time. It is a queer psychological quirk, what comes over a man who is serving time and has accumulated that much good time which means that 250 days would be taken off the tail end of his sentence, his time of release from imprisonment would be advanced to just that amount, by this crazy prank. He has robbed himself. He has sentenced himself to 250 days. Robertson has sentenced himself to 276 days.
"Now had you gone to trial and had you been convicted there might have been a maximum of 20 years more. Now I always go on the theory that a plea entitled a defendant to something; in other words, I give consideration to a plea. At least the defendants have not added perjury to their already vicious guilt. So I am going to give both credit for the entry of a plea.
"As to Smith the sentence of the Court is that you be committed to the custody of the Attorney General for a period of four years, sentence to begin at the expiration of the sentence you are presently serving."

2. "Now as far as the record of the prisoner in Lewisburg he started his sentence in September of 1951 for violation of the Dyer Act and for jail break. He had a six to nine sentence and would have been eligible to apply for payroll (sic) this September."

3. Affronti v. United States, 1955, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62; Henry v. Madigan, 9 Cir., 1957, 241 F.2d 659, overruling the contrary doctrine in Kirk v. United States, 9 Cir., 1950, 185 F.2d 185, 187; Phillips v. United States, 8 Cir., 1954, 212 F.2d 327.

A reading of the entire proceedings at the time of the imposition of sentence resolves any ambiguity and leaves no reasonable doubt that the sentencing court intended to sentence the appellant to four years' imprisonment to begin at the expiration of the "sentence" in the sense of the cumulative sentence comprising the successive periods of imprisonment. The judgment denying habeas corpus is therefore

Affirmed.