**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Howard DUNCAN, Defendant-Appellant.**

**No. 13777.**

United States Court of Appeals Seventh Circuit.

Dec. 3, 1962.

William Howard Duncan, Prentice H. Marshall, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., Joseph A. Kutch, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

William Howard Duncan, the defendant-appellant, was found guilty by a jury of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C.A. § 113(c), and judgment was entered upon the verdict. On September 29, 1961, defendant filed a motion to "correct record of judgment and conviction". Jurisdiction was predicated under Rule 36, Federal Rules of Criminal Procedure (18 U.S.C.A.). On February 12, 1962, the District Court denied the motion.

On February 26, 1962, the clerk of the District Court received a letter from the defendant dated February 19, 1962, purporting to be a notice of appeal from the District Court's order of February 12, 1962. The government filed a motion to strike the purported notice of appeal and its motion was granted by an order entered April 18, 1962. On April 30, 1962, the defendant appealed from the order of April 18, 1962.

■■ The defendant's letter to the clerk under date of February 19, 1962, stated that he had received a copy of the order of February 12, 1962, denying his Rule 36 motion, and requested that the letter be accepted as a notice of appeal from that order. A letter written by an indigent prisoner within the time for appeal informing the trial court of a desire to appeal may be regarded as sufficient to constitute the taking of an appeal although it does not comply with all of the technical niceties ordinarily governing a notice of appeal. Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865; Riffle v. United States, 5 Cir., 299 F.2d 802. The defendant's letter contained sufficient information to constitute it a substantial compliance with the requirements of Rule 37, Federal Rules of Criminal Procedure (18 U.S.C.A.). We are of the opinion that the District Court should have treated the letter as a notice of appeal, and that the court erred in granting the government's motion to strike.

The requisite record is before us and we will therefore accede to the defend-

ant's request that we consider the denial of his motion on its merits.

On October 31, 1956, a disposition hearing was held in open court in connection with the defendant's conviction. The court in a verbal pronouncement committed the defendant for a period of five years. The written judgment and commitment signed by the judge on the same day recites the commitment for imprisonment for a period of five years and that: "Said sentence is to begin at the termination of any pending sentences that the defendant is now serving, or to serve, if any." The defendant was currently serving a fifteen year sentence imposed by the United States District Court, Northern District of Georgia, Newman Division, on April 5, 1955.

The defendant contends that the quoted language is ambiguous and therefore fails to authorize consecutive service of the five year term of imprisonment imposed. He also contends that the oral pronouncement failed to express that the sentence was to be consecutive and that therefore it was to run concurrently with the sentence he was already serving. The result contended for by the defendant would be that the sentence of October 31, 1956, has been fully served.

The defendant's contention that the judgment is "ambiguous, indefinite, and equivocal" affords no basis, in the instant case, for relief under Rule 36. But, in any event, we are of the opinion that the judgment is not vulnerable to the objection so urged. Cf. Henry v. Madigan, 9 Cir., 241 F.2d 659; Smith v. Wilkinson, 5 Cir., 275 F.2d 251; Ong v. Hunter, 10 Cir., 196 F.2d 256.

In determining whether the oral pronouncement of judgment is in-consistent with the written judgment entered we look to the record as a whole to determine the court's intention in imposing sentence. United States v. Drake, 7 Cir., 274 F.2d 611; Valdez v. United States, 5 Cir., 249 F.2d 539; Smith v. Wilkinson, 5 Cir., 275 F.2d 251. From an examination of the entire record we find that there is no inconsistency or fatal ambiguity between the trial judge's oral pronouncement and the written order of judgment and commitment. A statement by defendant's counsel in which request was made that a portion of the term of imprisonment be suspended so that the defendant would only have to "serve two on top of the ten" years which he had left to serve at that time on the earlier sentence indicates that defendant's counsel understood that the sentence being imposed was to be consecutive to the sentence the defendant was serving. The trial judge's response to the request further evidences the judge's intent to impose a consecutive sentence. It is apparent that the written order of judgment and commitment correctly reflects the oral pronouncement when the context of the latter is considered.

This court appointed Prentice H. Marshall, Esquire, of the Illinois bar to represent the defendant. We commend Mr. Marshall for the able service rendered the defendant in the presentation of his case. It is appreciated by the court.

The April 18, 1962, order of the District Court striking defendant's notice of appeal is reversed, the appeal is considered on its merits, and the judgment order of the District Court entered February 12, 1962, denying defendant's motion to correct the record of judgment and commitment, is affirmed.

Affirmed.