ORIN SHULTZ, APPELLANT, V. MAURICE SIGLER, APPELLEE.
137 N. W. 2d 352

Filed October 8, 1965. No. 36082.

Orin Shultz pro se.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This proceeding was commenced on March 29, 1965, by Orin Shultz for the purpose of obtaining a writ of habeas corpus. The trial court held that the petition does not state facts sufficient to require the issuance of the writ of habeas corpus and does not state a cause of action. The petition was thereupon dismissed and plaintiff has appealed.

The petition alleges that plaintiff is confined in the State Penitentiary, that the sentence or sentences by which he was confined have terminated, and that plaintiff is illegally detained. In this connection the petition shows that plaintiff was convicted of robbery on November 6, 1953, and sentenced to serve 8 years imprisonment; that on March 11, 1955, plaintiff was convicted of attempted escape and sentenced to serve 5 years imprison-

ment to be served consecutive to his previous sentence; that on August 1, 1955, plaintiff was convicted of attempted escape and sentenced to serve 1 year imprisonment to be served consecutive to his previous sentences; and on March 8, 1956, plaintiff was convicted of second degree arson and sentenced to 7 years imprisonment to be served "consecutive into the sentences defendant is now serving."

It is the contention of the plaintiff that his sentence imposed on March 8, 1956, under the foregoing language, was to be served concurrently with the previous sentences, in which event his imprisonment under any or all sentences terminated in February 1965.

For the purpose of this appeal we accept the facts alleged in the petition as true in determining if the petition stated a cause of action. The only issue is whether or not the sentence of March 8, 1956, imposing a sentence of 7 years imprisonment to be served "consecutive into the sentences defendant is now serving," is a concurrent or consecutive sentence.

We are of the opinion that the words "consecutive into the sentences defendant is now serving" mean that the imposed criminal sentence is to be consecutive to the sentences defendant is serving. In determining if the sentence is consecutive or concurrent, the controlling word in the sentence is "consecutive" and not "into." The intent of the sentence of the court is clearly manifested by the use of the word "consecutive." The alleged ambiguity in the sentence is more apparent than real and involves no problem in determining its true meaning. There are no modifying words to give it any other meaning. Even in criminal cases, this court will not depart from the true meaning of language in favor of a questionable one requiring a strained interpretation.

The only case which has come to our attention which tends to support the position of the petitioner is Bledsoe v. Johnston, 154 F. 2d 458. In that case the court held the words "consecutive with" to be too ambiguous to

constitute a valid judgment. While we think the logic of that case lacks something to be desired, it is not authority for plaintiff's contention in the instant case. The Bledsoe case does not appear to have been followed in subsequent federal cases; in fact, it appears to have been rejected in Henry v. Madigan, 241 F. 2d 659, and Butterfield v. Wilkinson, 215 F. 2d 320. Under these circumstances we find nothing in the Bledsoe case that is contrary to our holding in the case before us.

For the foregoing reasons we hold that plaintiff's petition shows on its face that the sentence of March 8, 1956, was consecutive to the sentences then being served and that the trial court did not err in finding as a matter of law that plaintiff's petition did not state a cause of action.

AFFIRMED.