**Morgan HOLMES, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 77 Civ. 3630 (LFM).**

United States District Court,
S. D. New York.

Nov. 11, 1977.

Morgan Holmes, petitioner, pro se.

Robert B. Fiske, Jr., U.S. Atty., for the Southern District of New York, New York City, for respondent by David W. Denton, Asst. U.S. Atty.

OPINION

MacMAHON, District Judge.

Invoking 28 U.S.C. § 2255, petitioner attacks the validity of the sentences imposed upon him following his conviction by a jury on November 1, 1973 of four violations of the Federal Bank Robbery Act, 18 U.S.C. § 2113 (the "Act"). The four counts stemmed from petitioner's participation in three separate bank robberies, one of a branch of the First National City Bank on July 3, 1973 (Count 3, violation of § 2113(a)), one of a branch of the Union Dime Savings Bank on July 16, 1973 (Count 6, violation of § 2113(a)), and one of another branch of the First National City Bank on August 10, 1973 (Count 16, violation of § 2113(a), and Count 17, violation of § 2113(d)).

Then District Judge Murray I. Gurfein sentenced petitioner on December 16, 1973 to imprisonment for twenty years on each of Counts 3 and 6, and for twenty-five years on Count 17. Judge Gurfein did not sentence on Count 16, holding that it had merged with the aggravated robbery charge of Count 17. See *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *Gorman v. United States*, 456 F.2d 1258 (2d Cir. 1972). The sentences imposed on Counts 3, 6 and 17 were to run consecutively to each other but concurrently with sentences already imposed on petitioner in connection with certain California charges.

The gravamen of petitioner's attack is that Judge Gurfein's imposition of consecutive, rather than concurrent, sentences violated the prohibition against sentence "pyramiding" under the Act. This contention is without merit.

The Supreme Court in *Prince, supra,* recognizing that "the crime of entering a bank with intent to commit a robbery is merged with the crime of robbery when the latter is consummated," 352 U.S. at 324, 77 S.Ct. at 405, held that a person convicted of,

and sentenced for, robbery under the Act could not be assessed additional punishment for the lesser included offense of entry with intent to commit a robbery. The lower court cases following *Prince* have gone beyond its expressly narrow holding, 352 U.S. at 325, 77 S.Ct. 403, and have prohibited the imposition of any multiple sentences for conduct culminating in a single bank robbery. See, *e. g., United States v. Mariani*, 539 F.2d 915, 917 (2d Cir. 1976), and cases there cited. Simultaneous sentencing under § 2113(a) and § 2113(d) for actions in a single bank robbery is specifically prohibited. *Mariani, supra.*

*Prince* and its progeny are of no aid to petitioner, however. Petitioner's convictions did not arise from a single robbery. His sentences were imposed as punishment for three separate criminal transactions at three separate banks on three separate days. There is, of course, no constitutional or statutory prohibition against the imposition of consecutive sentences for *separate* crimes. See *United States v. Daugherty*, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926); *United States v. Koury*, 319 F.2d 75 (6th Cir. 1963). The *Prince* line of cases is applicable in this separate crimes context only in that it prohibits the imposition of multiple penalties for actions constituting a single crime. Judge Gurfein followed the applicable principle when he held that Counts 16 and 17 of petitioner's indictment had merged and therefore sentenced on Count 17 alone. Consequently, there was no illegality in his imposing consecutive, rather than concurrent, sentences for petitioner's three separate bank robberies.

Petitioner's second ground of attack on his sentences is that Judge Gurfein failed to indicate an "anchor" sentence, *i. e.*, the sentence which was to commence first. This failure, petitioner argues, rendered the sentencing procedure illegal and uncertain and requires that all three sentences be served concurrently. Petitioner cites *Bledsoe v. Johnston*, 154 F.2d 458 (9th Cir.), *cert. denied*, 328 U.S. 872, 66 S.Ct. 1367, 90 L.Ed. 1642 (1946), in support of his argument. *Bledsoe*, however, held only that an order requiring sentences to run "consecutive with" each other could be corrected by the district court to reflect the court's original intent that the sentences run "consecutive to" each other. *Bledsoe*, thus, does not affect the general rule that if the sentences in a criminal case "reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them," *Daugherty, supra*, 269 U.S. at 363, 46 S.Ct. at 157, they are to be served in the order in which they were announced. *Fleish v. Swope*, 226 F.2d 310 (9th Cir. 1955); *Henley v. Heritage*, 337 F.2d 847 (5th Cir. 1964).

There was no ambiguity as to Judge Gurfein's intent at the time of sentencing. He announced the sentences in the order in which the respective counts appeared in petitioner's indictment, and he meant the sentences to be served in that order. *Daugherty, supra.* Consequently, the sentence on Count 3 must be served first, that on Count 6 second, and that on Count 17 last.

Accordingly, there was no error or illegality in Judge Gurfein's sentencing of petitioner. The motion papers, files and records of this case conclusively show that petitioner is entitled to no relief. The motion is therefore denied in all respects.

So ordered.