David WINTERS–EL, Petitioner—
Appellant,

v.

U.S. PAROLE COMMISSIONER; et al., Respondents—Appellees.

No. 08–55135.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Petitioners do not challenge the denial of protection under the Convention Against Torture.

Submitted Jan. 8, 2009.*

Filed March 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Winters–El, Brooklyn, NY, pro se.

Charles J. Kovats, Jr., Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Respondents–Appellees.

Before: HUG, FARRIS and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

David Winters–El appeals the district court's dismissal of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We disagree with the district court's finding that the claims in the petition are moot, but deny the claims on the merits and therefore affirm the district court's dismissal of the petition. *See Lambert v. Blodgett,* 393 F.3d 943, 965 (9th Cir.2004) ("We may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale.").

The district court had jurisdiction over this petition because "[j]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompa-

nying custodial change." *Paulsen v. Daniels,* 413 F.3d 999, 1005 n. 3 (9th Cir.2005); *see also Ex parte Endo,* 323 U.S. 283, 304–05, 65 S.Ct. 208, 89 L.Ed. 243 (1944).

Winters–El's special parole conditions claim is not moot because the challenged action is capable of repetition, yet evading review. *See Bernhardt v. County of Los Angeles,* 279 F.3d 862, 871–72 (9th Cir. 2002). Specifically, the challenged action will always be short in duration because as soon as Winters–El refuses to accept the special parole conditions, his parole application is instantaneously withdrawn. *See id.* And there is a reasonable expectation that the special parole conditions will be imposed and Winters–El will refuse to accept those conditions every time he reapplies for parole. *See id.*

■ Imposition of the special parole conditions did not violate Winters–El's due process rights because the evidence at his revocation hearing that he purchased hard alcohol on an almost daily basis and possessed marijuana while on parole provides "some evidence" to support imposition of the special conditions. *Cf. Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1128–29 (9th Cir.2006) (explaining that due process requirements are met if there is "some evidence" in the record to support the parole board's denial of parole).

■ The Parole Commission acted within its authority in imposing the special parole conditions because the conditions were reasonably related to Winters–El's history and characteristics. *See* 18 U.S.C. §§ 4203(b)(2), 4209(a)(2).

■ Winters–El's claim that his due process rights were violated at the parole revocation hearing is not moot because he

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

still is incarcerated following the revocation of his parole and therefore continues to suffer a collateral consequence of the parole revocation hearing. *Cf. Spencer v. Kemna,* 523 U.S. 1, 7–8, 14–16, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (holding that a challenge to parole revocation hearing was moot where petitioner had been re-released on parole and the term of his imprisonment had expired).

█ The Parole Commission did not violate Winters–El's due process rights at the parole revocation hearing. Winters–El was provided with written notice of the claimed violations, disclosure of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinders as to the evidence relied upon and the reasons for revoking parole. *See Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Application of the 2005 parole regulations to Winters–El did not violate the Ex Post Facto Clause because the change in the regulations was only procedural and did not increase Winters–El's punishment. *See Cal. Dep't of Corr. v. Morales,* 514 U.S. 499, 507–509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

█ The district court did not abuse its discretion by dismissing the petition without leave to amend because the claims brought in the petition were without merit. *See Fleish v. Swope,* 226 F.2d 310, 311 (9th Cir.1955) (per curiam).

The district court properly denied Winters–El's motion to amend his habeas petition to add an Eighth Amendment claim challenging conditions of confinement. *See*

*Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (noting that a civil rights action, and not a habeas petition, is the proper method of challenging conditions of confinement).

█ The district court did not abuse its discretion in denying the petition without a hearing because Winters–El did not raise any evidentiary issues or genuine factual disputes. *See Anderson v. United States,* 898 F.2d 751, 753 (9th Cir.1990).

Federal Rule of Civil Procedure 52(a) is inapplicable as this case was not tried on the facts but was instead dismissed on the pleadings. Federal Rule of Civil Procedure 54(b) is inapplicable because the district court entered judgment on all claims at the same time.

We have considered and reject Winters–El's other claims raised on appeal.

**AFFIRMED.**