UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Rudolph DRAKE, Defendant-
Appellant.

No. 12726.

United States Court of Appeals
Seventh Circuit.

Jan. 28, 1960.

James R. Mitchell, Chicago, Ill., Roy Rudolph Drake, for appellant.

Don A. Tabbert, U. S. Atty., John C. Vandivier, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

Defendant, Roy Rudolph Drake, appeals from an order of the district court dated June 17, 1959, denying his "Motion for Correction of Written Judgment and Commitment" filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

On September 27, 1956, defendant entered a plea of guilty to two three-count indictments charging him with two separate crimes of bank robbery under Title 18 U.S.C.A. § 2113. Violations of subsections (a), (d) and (e) of this Act were alleged in each indictment. He was sentenced to 15 years on each of the three counts in each indictment, the sentence on Count II to run concurrently with that imposed on Count I, and the sentence on Count III to run consecutively to the sentences on Counts I and II, making a total of 30 years on each indictment. The district court further adjudged that the sentence on the second indictment run consecutively to that imposed on the first indictment, making a total of 60 consecutive years under both indictments.

Following the decision of the Supreme Court of the United States in Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, the district court sustained the Government's motion to set aside and vacate the sentence

on Count I in each indictment. Defendant filed timely motions under Rule 35, F.R.Cr.P., supra, asking the trial court to "correct the erroneous sentence imposed *nunc pro tunc*, by sentencing the Petitioner to fifteen (15) years to serve on Count III only, *to run consecutive to the sentence imposed*" in the other case. (Emphasis added.)

On appeal from a denial of that motion, this court reversed and remanded "with instructions to vacate and set aside the sentences on Count II with the sentences on Count III of 15 years in both cases to remain in full force and effect and to be served by the defendant consecutively." United States v. Drake, 7 Cir., 1957, 250 F.2d 216, 218. In that prior appeal leave was granted defendant to appeal *in forma pauperis*, and he was represented in oral argument by court-appointed counsel.

On January 29, 1958, pursuant to our remand, the district court sustained defendant's motion to vacate and set aside the sentence of 15 years imposed on Count II of each indictment, thereby reducing the amount of time to be served by defendant to a total of 30 years. The district court concluded its order in each case as follows:

"It Is Further Ordered by the court that its sentence on Count III of fifteen (15) years is to remain in full force and effect and to be served by the defendant *consecutively with the sentence of this Court in* [the other case]." (Emphasis added.)

On April 6, 1959, defendant, *pro se*, from prison in Alcatraz, California, filed his second motion for correction of the judgment in each case on the ground that the sentences imposed were to run *concurrently* rather than consecutively, thus further to reduce the time for him to serve to 15 years. An examination of the record and his briefs in the first proceeding show he then asserted that the only valid sentences were those imposed on Count III in each indictment and that such were to run consecutively.

The present appeal was allowed to be taken *in forma pauperis*. Defendant filed his briefs *pro se*. However, on October 20, 1959, this court granted defendant's motion for appointment of appellate counsel, and such appointed counsel appeared, prepared and filed a separate brief for defendant and participated in oral argument.

The ultimate issue before us is whether the district court effectively sentenced defendant to consecutive terms of 15 years imprisonment in each of the two cases. Defendant argues that the *oral* pronouncements of the trial court at the time he was originally sentenced in September, 1956, do not clearly and unmistakably impose consecutive sentences but rather that he was sentenced to concurrent terms. In the alternative, he asserts that the *written* order of judgment and commitment is nevertheless itself ambiguous since it reads "consecutively *with*" and that such a phrase is contradictory. (Emphasis added.)

In determining whether the oral and written judgments before us are ambiguous, we look to the record as a whole to determine the court's intention in imposing sentence. Valdez v. United States, 5 Cir., 1957, 249 F.2d 539, 542; Hode v. Sandford, 5 Cir., 1939, 101 F.2d 290, 291.

After examination of the entire record, we find that there was no inconsistency or fatal ambiguity between the trial court's oral statement of judgment and the written order of judgment and commitment. The statement of the trial judge from the bench that a sentence of "sixty consecutive years" was imposed sufficiently indicates an intent to order the sentences under the first indictment to run consecutively to those in the second indictment.

Further, defendant contends that the written judgment which stated that "the sentences in [Ip–56–Cr–86] are to run consecutively with the sentence imposed in Cause No. Ip–56–Cr–85" is itself fatally defective. He bases this argument on the court's use of the words "consecutively with" instead of "consecutively to." Again, considering the

record as a whole, we find a clear intent that the written judgment sentenced defendant to *consecutive* terms.

Since we find that neither the written nor the oral sentence here is ambiguous, we do not reach the issue of which judgment, oral or written, when inconsistent, is the effective sentence.[1]

We express our appreciation to James R. Mitchell, of the Chicago Bar, for his able and thorough representation of defendant as court-appointed counsel in this appeal.

The orders of this district court denying defendant's second motion for correction of judgment in each of the cases below, No. Ip–56–Cr–85 and No. Ip–56–Cr–86, are affirmed.

Affirmed.

1. On the question of whether the oral or written judgment is effective, cf. Wilson v. Bell, 6 Cir., 1943, 137 F.2d 716, 720; Walden v. Hudspeth, 10 Cir., 1940, 115 F.2d 558, 559; Watkins v. Merry, 10 Cir., 1939, 106 F.2d 360, 361; Spriggs v. United States, 9 Cir., 1955, 225 F.2d 865, 868; certiorari denied 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830 with Meredith v. Gough, 5 Cir., 1948, 168 F.2d 193, certiorari denied 335 U.S. 873, 69 S.Ct. 161, 93 L.Ed. 417; Miller v. Sanford, 5 Cir., 1947, 161 F.2d 291.