**Bernard Edmond LaCLAIR, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 13551.

United States Court of Appeals Seventh Circuit.

May 21, 1962.

Bernard E. LaClair, pro se.

Philip Carlton Potts, U. S. Atty., South Bend, Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner-appellant, Bernard Edmond LaClair, filed a motion with the District Court, pursuant to Rule 36, Federal Rules of Criminal Procedure, 18 U.S.C., to correct the written judgment and commitment under which he was detained in custody on the ground that:

> "[T]he oral judgment pronounced from the bench was too vague and indefinite to support a consecutive sentence and there is a substantial inconsistency between the oral pronouncement of the sentence and the written judgment and commitment."

This appeal followed denial of that motion.

Mr. LaClair prosecuted his appeal *pro se*. The case was submitted on the record and briefs without oral argument.

On July 23, 1954, Mr. LaClair pleaded guilty to an information charging violation of Title 18 U.S.C. § 751, attempting to escape from the St. Joseph County Jail, at South Bend, Indiana, where he was being held in custody following conviction for violation of the federal laws.

On July 7, 1954, Mr. LaClair had been sentenced as follows:

South Bend Criminal 2004 (Bank Robbery)

1 Count (Title 18, Sec. 2113(a) 5 years
Fine $5,000.00

South Bend Criminal 1996 (Bank Robbery)
Ct. 1 (Title 18, Sec. 2113(a) 20 years
Ct. 2 (Title 18, Sec. 2113(d) 25 years
Fine $10,000.00
Sentences to run concurrently with each other but consecutively to the sentence in South Bend Criminal 2004.

South Bend Criminal 1993 (Bank Robbery)
Ct. 1 (Title 18, Sec. 2113(a) 20 years
Ct. 2 (Title 18, Sec. 2113(d) 25 years
Fine $10,000.00
Sentences to run concurrently with the sentence just pronounced.

South Bend Criminal 1994 (Bank Robbery)
Ct. 1 (Title 18, Sec. 2113(a) 20 years
Ct. 2 (Title 18, Sec. 2113(d) 25 years
Fine $10,000.00
Sentences to run concurrently with each other and with the other sentences.

South Bend Criminal 1995 (Bank Robbery)
1 count (Title 18, Sec. 2113(a) 20 years
Fine $5,000.00
Sentence to run concurrently with the other sentences.

South Bend Criminal 2003 (Bank Robbery)
Ct. 1 (Title 18, Sec. 2113(a) 20 years
Ct. 2 (Title 18, Sec. 2113(d) 25 years
Fine $10,000.00
Sentences to run concurrently with each other and with the prior sentences.

After imposing the above sentences, the District Court stated:

> "The effect of all of these sentences is the defendant Bernard Edmond LaClair, is sentenced to serve thirty years, and a fine of $50,-000.00. * * * The number of robberies is reflected in this sentence * * *."

These sentences were the subject of an earlier appeal and were affirmed. U. S. v. LaClair, 7 Cir., 1960, 285 F.2d 696.

Mr. LaClair was then removed to the St. Joseph County Jail from which he and two other prisoners attempted to escape on July 15, 1954.

Prior to the imposition of the sentence now under consideration in this appeal, the United States Attorney advised the District Court:

"[O]n July 7th Mr. LaClair was disposed of here in this Court, as your Honor will remember, and sentenced to thirty years imprisonment and a fine of $50,000 * * *."

Also, the United States Attorney was apparently urging that consecutive sentences be meted out in all three of these jail break cases.

After sentencing the other two prisoners, the District Court said:

"In the case of LaClair, the sentence is five years, and a fine of $5,000, the sentence to be served consecutively to the sentence received on July 7th."

The written judgment reads:

"It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE (5) YEARS plus a fine of five thousand dollars ($5,000.00)

"It is further ordered by the Court that the fine and sentence herein imposed be consecutive to any and all fines and sentences heretofore imposed by this court upon defendant under cause numbers: 1993, 1994, 1995, 1996, 2003 and 2004 South Bend Criminal."

Mr. LaClair sought to correct the written judgment to provide for the sentence of five years to begin on the date of its imposition.

Although the District Judge referred to the sentences imposed on July 7th in the singular, reflecting his own statement of July 7th when he summarized the net effect of the sentences, the District Court's oral statement sets out the District Court's intent with fair certainty. U. S. v. Daugherty, 1926, 269 U.S. 360, 363, 46 S.Ct. 156, 70 L.Ed. 309.

It is clear from a study of the proceedings as a whole, U. S. v. Drake, 7 Cir., 1960, 274 F.2d 611, 612, that the District Court was treating the several sentences of July 7th as one general cumulative sentence. Smith v. Wilkinson, 5 Cir., 1960, 275 F.2d 251, 252.

The written judgment sets out the numbers of the six criminal cases included in the sentence imposed on July 7, 1954. The sense and meaning are the same despite the expansion of the wording.

We have considered all other arguments advanced by appellant and find them without merit. The ruling of the District Court is affirmed.