**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ernest Joseph GIBAS, Defendant-Appellant.**

**No. 14348.**

United States Court of Appeals Seventh Circuit.

March 5, 1964.

* Of the Second Circuit, sitting by designation.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Frank E. McDonald, U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The defendant, Ernest Joseph Gibas, prosecutes this appeal from an order of the District Court denying his motion, filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure (18 U.S. C.A.), in which he sought correction of the sentence contained in the written judgment order entered on his conviction on thirty-five counts of a multiple count indictment.[1]

The defendant contends the District Court erred in denying his motion to correct the written judgment order to conform to the oral pronouncement of sentence and in this connection claims the oral sentence directed his imprisonment for a lesser period (3 years) than that contained in the written judgment order (6 years).

The record discloses that in orally announcing the sentence the court stated defendant was to be sentenced "to one year on each of the counts of the indictment upon which he was found guilty, the said sentence to be served as follows". The court then proceeded to detail which sentences on individual counts or groups of counts were to be served concurrently with or consecutively to the sentences on other counts and concluded "which makes a total of six years".

The intention of the court to impose a cumulative sentence of six years is not only reflected by the written judgment order signed by the court but is readily apparent from the court's comment at the conclusion of the oral pronouncement "which makes a total of six years". It is only by ignoring this comment, expository of the court's intent, and by resorting to a literal consideration limited solely to the language in which the court orally assigns a concurrent or consecutive character to the sentences on various counts, that the defendant finds a basis for the conclusion he advances as to the duration of the total sentence imposed.

But in resolving questions as to inconsistency or fatal ambiguity between the trial court's oral pronouncement of sentence and the written order of judgment and commitment we must look to the record as a whole to determine the court's intention in imposing sentence. United States v. Drake, 7 Cir., 274 F.2d 611, 612; LaClair v. United States, 7 Cir., 303 F.2d 602.

The statement of the court made as a part of his oral pronouncement of sentence that it was for "a total of six years" is a summation which clearly expresses the court's intent. The written judgment order is in conformity with

---

1. Defendant's conviction was affirmed in United States v. Gibas, 7 Cir., 300 F.2d 836.

that express intent. The District Court did not err in denying defendant's motion. The order of the District Court is affirmed.

Affirmed.