**UNITED STATES of America, Plaintiff-Appellee,**
v.
**Howard FRYE, Defendant-Appellant.**
**No. 15402.**

United States Court of Appeals Seventh Circuit.

March 15, 1966.

Howard Frye, pro se.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Patrick F. Healy, Asst. U. S. Attys., Chicago, Ill., Richard A. Makarski, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Howard Frye, defendant-appellant, was convicted under a nine-count indictment charging substantive narcotics violations and conspiracy. The conviction, and the convictions of co-defendants Fred Coduto and Coyit Baker, were affirmed in United States v. Coduto, 7 Cir., 284 F.2d 464.

The trial court pronounced sentence upon the defendants Frye and Baker as follows:

"I hereby sentence Howard Frye and Coyit Baker to twenty years on each of the nine counts of the indictment, to run concurrently. I fine each of them $10,000.00".

The judgment and commitment order entered in the cause is signed by the sentencing judge, the late Julius H. Miner, and reflects a sentence of 20 years imprisonment imposed on defendant Frye.[1]

Frye prosecutes this appeal from the District Court's denial of his Rule 36, Federal Rules of Criminal Procedure, motion to correct the judgment and commitment order to reflect a sentence of only 10 years. Defendant contends that the oral pronouncement of the sentence is ambiguous—is susceptible to the construction that each of the defendants is sentenced to 10 years—with the result that defendant is entitled to the construction favorable to him, and to have the judgment and commitment order corrected accordingly.

It strains credulity to assume that the sentencing judge might have intended to impose a collective sentence to be shared equally, or in some other manner, by the two defendants. And, only by invoking such an unwarranted assumption is it possible to read into the court's pronouncement a basis for the ambiguity claimed. To do so would be contrary to the teaching of United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309, that:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded."

Moreover, the order signed by the sentencing judge clearly specifies that Frye is sentenced to imprisonment for a period of 20 years to pay a fine of $10,000.00. In this connection, we recently observed in United States v. Gibas, 7 Cir., 328 F. 2d 833, 834:

" * * * in resolving questions as to inconsistency or fatal ambiguity between the trial court's oral pronouncement of sentence and the written order of judgment and commitment we must look to the record as a whole to determine the court's intention in imposing sentence. United States v. Drake, 7 Cir., 274 F.2d 611, 612; La-Clair v. United States, 7 Cir., 303 F.2d 602."

Application of the above principles to the instant appeal demonstrates that the District Court did not err in denying defendant-appellant's motion for correction of the judgment and commitment order.

The judgment order appealed from is affirmed.

Affirmed.

---

1. Insofar as pertinent the order reads: "It is adjudged that the defendant [Howard Frye] is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Twenty (20) Years on each of Counts 1, 2, 3, 4, 5, 6, 7, 8 and 9 of the Indictment, that said sentences shall run concurrently with each other and besides that he forfeit and pay to the United States of America a fine in the sum of Ten Thousand Dollars ($10,000.00) and that he stand committed until the fine is paid or until he shall be otherwise discharged by due course of law".