**Coyit BAKER, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 16817.**

United States Court of Appeals
Seventh Circuit.

March 14, 1969.

Stephen A. Landsman, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Charles A. Boyle, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

This case comes before us on appeal from the district court's denial of petitioner Coyit Baker's motion made pursuant to 28 U.S.C. § 2255 to vacate his sentence. Although the petitioner in this action seeks only to test the legality of his sentence, it is necessary to set

forth the events which occurred before the present appeal. On October 30, 1959, the petitioner and his two codefendants, Fred Coduto and Howard Frye, were found guilty by a jury as charged in a nine count indictment of narcotics and revenue violations arising under 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Sentencing was delayed on account of motions for a new trial filed by the attorneys for all three defendants. These motions were argued at length on November 27, 1959 by Mr. Charles A. Bellows, counsel for codefendant Fred Coduto. Petitioner Baker's counsel, Mr. John Cogan, indicated to the court that he did not desire to engage in oral argument and stood on his written motion. It is the effect and adequacy of the verbal exchange between counsel Cogan and the trial judge, the late Julius H. Miner, which is the basis of the asserted deprivation of petitioner Baker's constitutional rights. After completion of counsel Bellow's argument for a new trial, the record shows that the following statements were made:

> By Mr. Cogan: I have nothing to say on behalf of my defendants. We will stand on the written motion.

> By The Court: Is there anything further to be said? (No response.)

Thereupon, without further comment from the bench, Judge Miner imposed sentence on the defendants. Petitioner Coyit Baker and Howard Frye were jointly sentenced by the following pronouncement:

> I hereby sentence Howard Frye and Coyit Baker to twenty years on each of nine counts of the indictment to run concurrently. I fine each of them $10,000.

Later that same day, and outside the presence of counsel for the defendants, the Government moved to vacate this sentence on the ground that neither the defendants nor their counsel had been afforded an opportunity to be heard in mitigation of the punishment imposed.

After a hearing, the motion was denied. This court affirmed the convictions of the petitioner and his codefendants. United States v. Coduto, 284 F.2d 464 (7th Cir.), cert. denied, 365 U.S. 881, 81 S.Ct. 1027, 6 L.Ed.2d 192 (1961). Later codefendant Frye, who was sentenced simultaneously with Baker, brought an action under section 2255 to correct his sentence and commitment order. This court held that the pronouncement of sentence upon the two defendants was not reasonably susceptible of the urged construction that the district court intended that each defendant should be sentenced to ten years. United States v. Frye, 358 F.2d 140, 141 (7th Cir.), cert. denied, 384 U.S. 980, 86 S.Ct. 1879, 16 L.Ed.2d 690 (1966).

Petitioner claims in this action that the commitment order upon which he is presently incarcerated departs substantially from the judgment orally pronounced from the bench by the judge in that the commitment order states that the accused shall stand committed until his fine is paid whereas the oral judgment made no reference to this condition. The second facet of this commitment variance argument, that the sentence is susceptible of a ten year interpretation, has already been rejected by this court. United States v. Frye, 358 F.2d 140 (7th Cir. 1966). In addition, petitioner asserts that he was denied the effective assistance of counsel in violation of the fifth and sixth amendments and that he was denied his opportunity for allocution prior to sentencing as presently set forth in Fed.R.Crim.P. 32(a) and required by Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L. Ed.2d 670 (1960).

In light of our view with respect to the alleged unconstitutional deprivation of petitioner's right to effective assistance of counsel at the sentencing stage, we need not discuss the first question concerning the variance between the oral sentence and the warrant of commitment.

■ The most egregious error raised concerns the conduct of the sentencing proceeding. Although the petitioner did not raise this precise question in his pro se motion below, nonetheless, we are of the view that the question is properly before us. To support this position we rely on the fact that the entire sentence was alleged as error in the petitioner's pro se section 2255 motion. His self-fashioned attempt to expose the substantial defects in his sentence laid the propriety and legality of the entire sentencing proceeding before the district court. It would be manifestly unfair to deprive the petitioner speaking at this stage through his court-appointed attorney of the right to raise as error the fundamental illegality of the sentencing proceeding. The Supreme Court has recognized that in civil cases there are situations where the action of the trial court "was plain error of such a fundamental nature that we should notice it." Sibbach v. Wilson & Co., 312 U.S. 1, 16, 61 S.Ct. 422, 427, 85 L.Ed. 479 (1941). The *Sibbach* plain error rule is likewise applicable to this section 2255 civil action.

■ Turning to the merits of petitioner's sentencing argument, we are of the opinion that neither the petitioner's trial counsel nor the petitioner himself was afforded an opportunity to make any meaningful statement or present any information in mitigation of punishment. The right of a defendant's counsel to effectively represent him at sentencing is settled. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Rini v. Katzenbach, 403 F.2d 697 (7th Cir. 1968). *See generally* Note, Procedural Due Process At Judicial Sentencing For Felony, 81 Harv. L. Rev. 821 (1968). The record in this case demonstrates that no real opportunity was afforded to petitioner's trial counsel to offer any evidence in mitigation. The trial judge's only arguable invitation to the petitioner's counsel was his statement:

"Is there anything further to be said?" Read in the context of the preceding oral argument concerning the motion for a new trial, it is plain that this query could not have been reasonably expected to elicit a response relating to mitigating circumstances from any of the defense lawyers. Likewise, it is revealing that subsequent to imposition of sentence the Government sua sponte moved to vacate the sentence. In support of this motion, the Government's attorney said: "[T]his is the Government's motion that I am making for the reason that when the defendants were sentenced, they were not afforded an opportunity in their own persons or by their counsel to make a statement before imposition of sentence. \* \* \*" We agree with the Government. It is our conclusion that the trial court's denial of the assistance of effective counsel at sentencing was error and that in accordance with the provisions of section 2255 this case should be remanded to the district court for resentencing.

■ In light of our determination of the *Mempa* question, we need not decide the question of the alleged denial of the petitioner's right of allocution. However, at resentencing the district court must allow the petitioner his right of allocution as announced in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) and required by Fed.R.Crim.P. 32(a).

■ Additionally, care must be taken at Baker's resentencing to insure that there is no variance between the sentence imposed from the bench and the commitment order. This type of variance occurred at Baker's prior sentencing in the form of the commitment order's condition of continuing incarceration until the fine was paid. Such a variance is error. Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936).

The sentence imposed by the district court is vacated and the case is remanded for resentencing.