■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HEATH, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Queens County, rendered June 20, 1973, convicting him of attempted kidnapping in the second degree, upon his guilty plea, and imposing the sentence of an indeterminate term not to exceed 10 years, to run concurrently with previously imposed concurrent Federal terms of 10 years. The defendant was subsequently resentenced in the Federal court to serve concurrent terms of eight and one-half and four years. Judgment modified as to the sentence, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of up to eight and one-half years, to run concurrently with the Federally imposed sentence. As so modified, judgment affirmed. Under the Penal Law, as it read at the time in question, a sentence to a State penal institution could not run concurrently with a previously imposed sentence to a Federal penitentiary (see Penal Law, former § 70.25; § 70.30, subd 1; *People v Schatz*, 45 AD2d 853; *People v Thomas*, 49 AD2d 638). Thus, defendant's sentence must be modified. Such concurrent sentences are now permissible (L 1975, ch 782, § 2). Consequently, in the interest of justice, defendant's sentence has been reduced to a term consistent with the bargain which he struck when changing his plea. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.