UNITED STATES of America ex rel. Arthur MOORE, Petitioner-Appellant,

v.

James C. FIKE, Warden, Illinois State Penitentiary, Pontiac Branch, Respondent-Appellee.

No. 75–1710.

United States Court of Appeals, Seventh Circuit.

Argued April 7, 1976.

Decided Aug. 3, 1976.

Leonard L. Cavise, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Donald Hubert, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, BAUER, Circuit Judge, and WYZANSKI, Senior District Judge.*

WYZANSKI, Senior District Judge.

In this habeas corpus proceeding the petitioner, a prisoner, under sentence imposed by the Illinois state court and now in the custody of defendant, the warden of the Illinois State Penitentiary, alleges that he did not waive allocution before sentencing, and that he was denied the effective assistance of counsel guaranteed to him by the Fourteenth Amendment inasmuch as he and his counsel had no real opportunity to offer evidence in mitigation.

The only question presented is whether there is substantial evidence to support the finding of the District Judge that defendant voluntarily and intentionally relinquished the right of allocution and the opportunity, directly or through counsel, to offer evidence in mitigation.

Mindful of the command of Fed.R.Civ.P. 52(a) that a District Court's "findings of fact shall not be set aside unless clearly erroneous," and of the direction of Fed.R.Civ.P. 81(a)(2) that "these rules are applicable to . . . habeas corpus," we begin by summarizing the findings of the District Judge so far as they are supported by substantial evidence.

Following a verdict of guilty on an indictment for rape, and pleas of guilty to indictments for armed robbery and violation of his bail bond, the Circuit Court of Cook County sentenced petitioner on January 14, 1971 to concurrent terms of 5 to 15 years for rape, 2 to 4 years for armed robbery, and 1 to 3 years for violation of his bail bond. The Cook County Public Defender represented petitioner at his arraignment, plea, trial and sentencing. That attorney was aware of the opportunity to present, in mitigation of any possible sentence, evidence, including evidence procured by a pre-sentence investigation. Intentionally, he waived this opportunity. There is no indication of any want of capacity by the attorney or any want of capacity or of contemporaneous assent by petitioner. No testimony either in mitigation or in aggravation was offered to the state trial court before it sentenced.

Petitioner, alleging that the trial court had erred in entering sentences without hearing evidence in mitigation, appealed to the Illinois Appellate Court. It affirmed. *People v. Moore*, 15 Ill.App.3d 1041, 305 N.E.2d 609 (1st Dis. 1973). The Illinois Supreme Court refused leave to appeal.

In the United States District Court on February 25, 1975, petitioner filed his petition for a writ of habeas corpus alleging that in violation of the Fourteenth Amendment he was denied the effective assistance of counsel at the sentencing stage because no matters in mitigation were presented. The United States District Court on May 22, 1975, after making findings in a memorandum, denied the petition. Appeal to this Court followed.

We see no merit in the appeal. The state trial court gave the petitioner the opportunity to offer mitigating evidence, as provided by Ill.Rev.Stat. ch. 38, § 1–7(g) (1969) which states:

For the purpose of determining sentence to be imposed, the court shall, after con-

---

* Senior District Judge Charles E. Wyzanski, Jr. of the District of Massachusetts is sitting by designation.

viction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense.

The state court has previously held that this statute does not confer a constitutional right. *People v. Fuca*, 43 Ill.2d 182, 185, 251 N.E.2d 239 (1969). But even if it did, petitioner was given the rights stipulated by statute and now sought by him, and he, through counsel (who is not shown to have lacked professional capacity nor to have exercised unprofessional judgment) deliberately waived that right.

Petitioner refers to a subsequent statute. Unified Code of Corrections, Ill. Rev.Stat.1973, ch. 38, par. 1005-4-1. But there is no basis for treating that statute as retroactive.

Petitioner also refers to *Baker v. U. S.*, 407 F.2d 618 (7th Cir. 1969). But that case deals with the different situation applicable to sentences imposed by a *federal* court. Neither that nor any other case nor statute nor constitutional provision known to us confers upon a defendant in the petitioner's posture a right of allocution which cannot be validly waived by his competent counsel. Nor in the record before us is there the slightest basis for concluding that petitioner was prejudiced or had relevant evidence which could have been offered.

Affirmed.