In the Matter of BRUCE BANACH, Respondent, v BENJAMIN WARD, as Commissioner of Correctional Services, Appellant.

Third Department, May 18, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh and Jean M. Coon of counsel), for appellant.*

*Stuart Frum (Joseph D. Fallon of counsel), for respondent.*

## OPINION OF THE COURT

LARKIN, J.

Petitioner began serving a Federal sentence, upon a conviction for breaking and entering with intent to commit larceny, on December 12, 1972 at the Federal Penitentiary at Lewisburg, Pennsylvania. He was paroled on February 13, 1974. While on parole, he was arrested in Nassau County, New

York, on charges of robbery and burglary. On February 4, 1976 petitioner was sentenced by the Nassau County Court to concurrent two- to four-year terms upon convictions for the crimes of burglary in the third degree and robbery in the third degree. These sentences were also to be served concurrently with the remaining portion of the Federal sentence.

Petitioner was received by the Ossining Correctional Facility on the date of the Nassau County sentencing, but on February 5, 1976 he was taken, pursuant to order of the Nassau County Court, to the Nassau County Jail for the purpose of testifying. He was placed in "out to court" status at Ossining and his New York State sentence continued to run. Upon the completion of petitioner's testimony in Nassau County, the Nassau County authorities transferred him to the Federal Correctional Institution at Danbury, Connecticut, for the completion of his Federal sentence. Officials at the Ossining Correctional Facility filed a New York State commitment detainer for the two Nassau County sentences with the Federal officials at Danbury on November 3, 1976.

Upon the expiration of his Federal sentence on September 2, 1977, some four days after the entry of the judgment appealed from, petitioner was transferred from the Nassau County Jail to the Ossining Correctional Facility.

The judgment appealed from resulted from an application initiated by an order to show cause obtained on August 22, 1977 while petitioner was still in Federal prison. Petitioner's moving papers alleged that his transfer to the Federal facility was an illegal interruption of his State sentence because "a sentence in a State penal institution cannot run concurrently with a previously imposed sentence to a Federal penitentiary". Subsequently, petitioner's attorney filed an affirmation setting forth the additional claim that "[b]y allowing the county officials to pick up * * * [petitioner], the State participated in the interruption of plaintiff's sentence and are therefore in violation of Penal Law 430.10". Special Term granted petitioner's application without opinion. There must be a reversal.

Both of petitioner's principal arguments claim an illegal interruption of his sentence under section 430.10 of the Criminal Procedure Law, which provides: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or

interrupted once the term or period of the sentence has commenced." Petitioner's initial claim, based upon the assumption that New York State and Federal prison sentences cannot be served concurrently, is met by a specific statutory provision to the contrary (Penal Law, § 70.20, subd 3; see *People v Heath,* 51 AD2d 750).

In asserting his second theory as to an allegedly unlawful interruption of his sentence, petitioner correctly states that, under subdivision 3 of section 70.20 of the Penal Law, after his Federal sentence had been completed he should have been transferred directly to the custody of the State Department of Correctional Services rather than to the Nassau County authorities. We find no authority, however, and no logical basis for depriving the appellant Department of Correctional Services of jurisdiction over petitioner's person merely because he was for a short time (Sept. 2, 1977 to Sept. 26, 1977) in the custody of the Nassau County authorities rather than with the appellant. Petitioner was credited for this time spent in the custody of Nassau County, and we perceive no evil which would be averted by construing a statute (Penal Law, § 70.20, subd 3) apparently intended to set forth administrative procedures to be followed when foreign jurisdictions transfer prisoners to New York as a predicate, when the procedures are not followed to the letter, for depriving the appellant of jurisdiction over an individual who has not served a duly imposed term of imprisonment in New York State.

The judgment should be reversed, on the law and the facts, without costs, and the application to quash detainers denied.

SWEENEY, J. P., KANE, STALEY, JR., and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and application to quash detainers denied.