991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary P. KAMMERUD, Defendant-Appellant.
 No. 92-1768.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided April 6, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gary Kammerud is serving a sentence of 41 months in the federal correctional facility in Yankton, South Dakota. He appeals from the district court's denial of his pro se motion for correction of the judgment and commitment order, a request the court may grant under Federal Rule of Criminal Procedure 36.
 
 
 2
 * Kammerud pleaded guilty to one count of possession with intent to distribute cocaine. At the time he broke the federal drug laws, he was on probation for violating the laws of Wisconsin. Due in part to his federal conviction, Kammerud's state probation was revoked and he was sentenced to a term of imprisonment that he served in a Wisconsin state prison. Before federal sentencing, however, the state of Wisconsin placed him on parole and turned him over to federal authorities.
 
 
 3
 At sentencing, Chief Judge Crabb stated that "[t]he sentence is to be served concurrently with any term of confinement the defendant is currently serving with the Wisconsin Department of Corrections." R. 72. The judgment order differs by one word: "This sentence is to be served concurrently with any term of confinement the defendant is currently serving with the Wisconsin Department of Corrections." R. 69, at 2 (emphasis added).
 
 
 4
 Kammerud's pro se motion asserts that the BOP "is not crediting Defendant in a manner that would constitute a concurrent sentence". Appellant's Brief, filed Aug. 17, 1992, App. at 7. According to Kammerud, the BOP is computing the federal term of imprisonment to begin after Kammerud's parole from the Wisconsin Department of Corrections. Kammerud states that the only "true" way for the state and federal sentences to run concurrently under the United States Sentencing Guidelines is for the judgment to state that he serve his sentence in a Wisconsin correctional facility.
 
 
 5
 The district court interpreted Kammerud's motion under Rule 36 as a demand for credit on his federal sentence for the time he spent in state custody prior to sentencing. In her order Chief Judge Crabb stated that she did not intend for Kammerud to receive this sort of credit when sentencing him to concurrent state and federal sentences. Concluding that the judgment order therefore required no correction, the court denied Kammerud's motion.
 
 II
 
 6
 On appeal counsel contends that the motion is not an attempt by Kammerud to receive credit on the federal sentence for time spent in a Wisconsin prison. Rather, the motion endeavors to modify the judgment "to effectuate the trial court's expressed intent to make the defendant's sentence concurrent with his state sentence." Appellant's Reply Brief, filed Sept. 29, 1992, at 1.
 
 
 7
 By Kammerud's estimation the sole question on appeal requires the court to consider de novo whether the language in the district court order was legally sufficient to achieve concurrent state and federal sentences. We do not agree either with this broad framing of the issue or that our review is plenary in this case. The district court had discretion to deny Kammerud's motion under Rule 36, and we will set aside its decision only for abuse of that discretion. United States v. Niemiec, 689 F.2d 688, 692 (7th Cir.1982). The trial court can abuse its discretion either by committing an error of law, United States v. Barber, 881 F.2d 345, 349 (7th Cir.1989), cert. denied, 495 U.S. 922 (1990), or by exceeding the "permissible bounds of judgment." American Hospital Supply v. Hospital Products, Ltd., 780 F.2d 589, 594 (7th Cir.1986).
 
 
 8
 The limited remedy provided by Rule 36 gives district courts a narrow berth to correct at any time "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission...." Regardless of whether a judge, clerk, or secretary makes the mistake, Rule 36 offers possible relief to a defendant alleging clerical error in the form of either typographical errors, internal ambiguities, or inconsistencies with the expressed intent of the judge. See, e.g., United States v. McGee, 981 F.2d 271, 272 (7th Cir.1992) (discrepancy between orally expressed intention at sentencing and judgment); Niemiec, 689 F.2d at 692 (ambiguous order inconsistent with court's intent at sentencing); United States v. Dandridge, 437 F.2d 1324, 1328-29 (7th Cir.) (error in written judgment and commitment as revealed by record), cert. denied, 403 U.S. 934 (1971); United States v. Frye, 358 F.2d 140, 141 (7th Cir.1966) (ambiguous sentencing directive inconsistent with judgment and commitment order), cert. denied, 386 U.S. 1008 (1967); United States v. Gibas, 328 F.2d 833, 834 (7th Cir.1964) (divergence between oral pronouncement of sentence and written order of commitment). But in the absence of true clerical error, Rule 36 is the wrong vessel for effecting substantive changes in an order or judgment.[1] See, e.g., United States v. Mares, 868 F.2d 151 (5th Cir.1989) (denial of Rule 36 motion for crediting time served prior to start of federal sentence); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (denial of Rule 36 motion for sentence to commence on a certain date).
 
 
 9
 Kammerud asserts that the court has failed to impose concurrent state and federal sentences because the judgment is missing language that directs service of the terms in a specific Wisconsin state correctional institution. However, far from alleging ambiguity, Kammerud acknowledges that the court's intent to impose concurrent state and federal sentences was "unambiguous and indisputable". Appellant's Brief at 8. And the only variance between the court's oral pronouncement and written judgment is the latter's substitution of "this" for "the". Nowhere in the transcript does the district court indicate that it needed to sentence Kammerud to a state prison in order to carry out concurrent state and federal sentences.
 
 
 10
 The cases Kammerud cites are unavailing and serve only to highlight why his motion falls beyond the scope of Rule 36. See, e.g., United States v. Thomas, 774 F.2d 807, 814 (7th Cir.1985) (involving district court's creation of "ambiguous verbiage" in sentencing directive), cert. denied, 475 U.S. 1024 (1986); United States v. Strozier, 940 F.2d 985, 987 n. 2 (6th Cir.1991) (concerning court's unintentional omission from sentencing order of its stated intention to impose a term of supervised release). Given what Kammerud is attempting to accomplish through the narrowly tailored remedy provided by Rule 36, the district court did not abuse its discretion in denying the motion to correct. As Chief Judge Crabb observed, there was nothing to correct.
 
 
 11
 Besides invoking the wrong procedural remedy, Kammerud is incorrect in his insistence that state and federal sentences will not run concurrently with one other unless the court orders that the prisoner serve the terms at a state rather than a federal correctional institution. In the first place, ultimate responsibility for designating the place of confinement rests with the BOP, not the district court. 18 U.S.C. § 3621(b). See also United States v. Wilson, 112 S.Ct. 1351 (1992). Be that as it may, a prisoner serving a federal sentence at a federal penitentiary can simultaneously serve a state sentence there as well. See Meagher v. Clark, 943 F.2d 1277, 1284 (11th Cir.1991) (dictum); Banach v. Ward, 404 N.Y.S.2d 926, 927 (N.Y.App.Div.1978); People v. Vitale, 360 N.Y.S.2d 375, 385 (N.Y.Cty.Ct.1974). Wisconsin law, under which Kammerud was sentenced and paroled, also provides for "sentences to be served in whole or in part concurrently with a sentence being served or to be served in a federal institution or an institution in another state." WIS.STAT. § 973.15(3) (1989-90). See also State v. Toy, 371 N.W.2d 386, 387-88 (Wis.Ct.App.1985). Concurrent sentences are nothing more than at least two terms of imprisonment, all or part of which run at the same time as each other. Carnine v. United States, 974 F.2d 924, 929 (7th Cir.1992). By no means need they always involve the crediting of time served on one against the other. In any event, Kammerud now denies that he is seeking nunc pro tunc credit under 18 U.S.C. § 3585(b) against his federal sentence for the time he spent incarcerated in a Wisconsin prison prior to the imposition of the federal sentence. See United States v. Brumbaugh, 909 F.2d 289 (7th Cir.1990). In short, the parole time remaining on his Wisconsin conviction can run concurrently with the 41-month federal sentence he is now serving in the federal facility at Yankton. As the district court noted, there is nothing to correct.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Kammerud filed a statement agreeing that oral argument would not be necessary. Accordingly, we consider the appeal on the basis of the briefs and the record
 
 
 [1]
 "Rule 36 was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal had elapsed." United States v. Jones, 608 F.2d 386, 389 (9th Cir.1979) (footnote omitted). A prisoner may challenge the computation of his federal sentence by filing a petition for habeas corpus in the district where he is incarcerated, 28 U.S.C. § 2241, but only after exhausting administrative remedies. United States v. Brumbaugh, 909 F.2d 289, 291 (7th Cir.1990). By contrast, in order to attack the validity of a conviction or sentence, a prisoner must file a motion under 28 U.S.C. § 2255--provided that he is proceeding in "a procedurally appropriate manner" or can show good cause for and actual prejudice resulting from his default. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). See generally Carnine v. United States, 974 F.2d 924, 927-28 (7th Cir.1992) (comparing §§ 2241 and 2255)