State of Wisconsin, Plaintiff-Respondent,
v.
Anthony I. Santana, Defendant-Appellant.
No. 03-1404-CR.
Court of Appeals of Wisconsin.
Opinion Filed: May 11, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
Anthony Santana appeals a judgment, entered upon a jury's verdict, convicting him of attempted first-degree intentional homicide by use of a dangerous weapon, discharging a firearm from a vehicle and three counts of first-degree reckless endangerment by use of a dangerous weapon, all five counts as party to a crime contrary to WIS. STAT. §§ 940.01(1)(a), 939.32, 939.63, 941.20(3)(a), 941.30(1) and 939.05.[1] Santana argues that the evidence at trial was insufficient to support his conviction for attempted first-degree intentional homicide. Specifically, Santana claims there was insufficient evidence of his specific intent to kill. We reject Santana's argument and affirm the judgment.

BACKGROUND
¶ 2 An amended information charged Santana with attempted firstdegree intentional homicide by use of a dangerous weapon, discharging a firearm from a vehicle and three counts of first-degree reckless endangerment by use of a dangerous weapon, all five counts as party to a crime. The charges arose from allegations that Santana twice fired a twelve-gauge shotgun from a car in which he was riding into another car carrying four passengers, some of whom had an altercation with Santana earlier in the evening. One of the passengers, Anthony Teller, was hit in the face by approximately fifteen pellets from the first shotthis was the basis for the attempted first-degree intentional homicide charge. After a trial, the jury returned verdicts finding Santana guilty of the crimes charged. Santana was convicted upon the jury's verdicts and this appeal follows.

DISCUSSION
¶ 3 Santana argues that the evidence at trial was insufficient to demonstrate that he had the intent to commit first-degree intentional homicide. Whether the evidence supporting a conviction is direct or circumstantial, we utilize the same standard of review regarding its sufficiency. State v. Poellinger, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). We must uphold Santana's conviction "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." Id. If there is a possibility that the jury "could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt," we must uphold the verdict even if we believe that the jury "should not have found guilt based on the evidence before it." Id. at 507. It is the jury's function to decide the credibility of witnesses and reconcile any inconsistencies in the testimony. State v. Toy, 125 Wis. 2d 216, 222, 371 N.W.2d 386 (Ct. App. 1985). Thus, if more than one inference can be drawn from the evidence, this court will follow the inference that supports the jury's finding "unless the evidence on which that inference is based is incredible as a matter of law." Poellinger, 153 Wis. 2d at 506-07.
¶ 4 An attempt to commit a crime has two elements: criminal intent and some acts in furtherance of the intent. State v. Kordas, 191 Wis. 2d 124, 129, 528 N.W.2d 483 (Ct. App. 1995). With respect to the relationship between attempted first-degree intentional homicide and completed first-degree intentional homicide, this court has stated:
The law of attempted first-degree intentional homicide is not conceptually different from that of completed firstdegree intentional homicide. Both require an intent on the part of the defendant to take the life of another. In order to prove the crime of attempted first-degree intentional homicide, the State must establish that the defendant's action would have caused the death of another except for the intervention of some extraneous factor.
State v. Webster, 196 Wis. 2d 308, 321, 538 N.W.2d 810 (Ct. App. 1995).
¶ 5 To prove the mens rea element of attempted first-degree intentional homicide, the State must establish that the defendant "acted with the intent to kill," that is, "the defendant had the mental purpose to take the life of another human being or was aware that his or her conduct was practically certain to cause the death of another human being." See WIS JICRIMINAL 1010 (2000); see also WIS. STAT. § 939.23. Intent may be inferred from the defendant's conduct, including his words and gestures taken in the context of the circumstances. Webster, 196 Wis. 2d at 321.
¶ 6 The acts of the accused, however, "must not be so few or of such an equivocal nature as to render doubtful the existence of the requisite criminal intent." Id. Further, "[s]ince all attempts to commit crimes are failures to do so, a failure excuses a defendant who attempts a crime only when his actual attempt is incomplete, rather than unsuccessful." State v. Dix, 86 Wis. 2d 474, 483, 273 N.W.2d 250 (1979). A jury could infer "that a person intends the natural and probable consequences of those acts he voluntarily and knowingly performs." Id. at 482-83. This rule is applicable to attempted first-degree intentional homicide cases, as well as "completed" homicide cases. Id.
¶ 7 At trial, the jury heard Green Bay police detective Michael McKeough testify that during his interview with Santana, Santana admitted shooting at the subject car. According to McKeough, Santana indicated that on the night of the shooting, his "home boys" picked him up from a gas station, told him they were going to get the enemy, handed him a shotgun and told him to "make sure that he shot one of them." Santana additionally told McKeough that he fired both shots while the vehicles were next to each other, and that the first shot shattered the rear driver's side window.[2]
¶ 8 Santana nevertheless contends that the evidence only establishes that he intended to shoot at the car, not at any person. However, a natural consequence of firing a twelve-gauge shotgun at effective range in the direction of a person exposed to the shot is that the person being shot at may die.[3] Santana is presumed to intend the natural consequences of his acts. Dix, 86 Wis. 2d at 482-83. This evidence provides a sufficient basis upon which the jury could reject Santana's interpretation of the evidence and convict him of attempted first-degree intentional homicide.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Although Santana testified at trial that he did not shoot the car, it is the jury's function to decide the credibility of witnesses and reconcile any inconsistencies in the testimony. State v. Toy, 125 Wis. 2d 216, 222, 371 N.W.2d 386 (Ct. App. 1985). In any event, Santana appears to admit, at least for purposes of his argument on appeal, that he was the shooter.
[3] Moreover, where the act is an assault with a deadly weapon, it is presumed that the defendant intended to kill. Fells v. State, 65 Wis. 2d 525, 534, 223 N.W.2d 507 (1974). To the extent Santana contends this presumption is inapplicable to the present facts, his argument ignores the inferences from the evidence that the jury could reasonably draw to apply the presumption.